### 23651. GEORGIA QUINCY GRANITE CO. *v.* JACKSON CO.

STEPHENS, J. 1. Where one of the parties to a contract agreed to make for the other a "quantity survey" of the granite to be used, in accordance with the plans and specifications for the erection of a contemplated building, and the purpose of making the survey was to enable the latter party, who contemplated making a bid to furnish the granite required in the construction of the building, to intelligently make the bid, and where the contract provided that the survey "would be accurate and dependable," meaning that it would specify all the granite required, according to the plans and specifications for the erection of the building, the contract was not one which the party contracting to make the survey was to perform merely by exercising due care and diligence in making the survey, but was a contract by which an accurate and correct survey and determination of the amount of granite required by the plans and specifications for the building would be made. Where the party contracting to make the survey failed to make an accurate survey of the granite required, in that, in making the survey, certain pieces of granite called for by the plans and specifications were omitted from the survey, this failure to make an accurate survey constituted a breach of the contract.

2. Where the party contracting to make the survey knew the purpose for which the survey was desired, and that if the survey was not accurate as to the amount of granite required by the plans and specifications, and contained an estimate of the granite in an amount less than that required by the plans and specifications, the party for whom the survey was made would lose money upon any contract by him with the construction company to furnish the granite at a price based upon the survey, such damage naturally flows from the breach of the contract and was necessarily within the contemplation of the parties when the contract was executed. Where, in reliance upon the survey, the party for whom it was made contracted to furnish to the contractors erecting the building the granite required by the plans and specifications, and, by reason of the inaccuracy of the survey, suffered a loss by being required to furnish under the contract portions of granite required in the plans and specifications which the survey had omitted, the party contracting to make the survey was liable in damages therefor.

3. In a suit by the party contracting to furnish the survey against the party with whom he had contracted to furnish it, to recover ex contractu, under another contract, a plea of set-off in which damages are

claimed for a breach by the plaintiff of the alleged contract by which the plaintiff had agreed to make for the defendant a survey of granite, is not subject to demurrer on the ground that a cause of action ex delicto is set off against one ex contractu. The court erred in striking the defendant's plea, and in thereafter rendering judgment for the plaintiff.

4. It was error to overrule the certiorari.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

Decided September 21, 1934.

*E. W. Maynard,* for plaintiff in error.
*Jones, Johnston, Russell & Sparks,* contra.